**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Edward Thomas Kennedy

   v.                                        Civil No. 18-cv-878-LM

State of New Hampshire, New Hampshire
Bar Association, University of New Hampshire
School of Law, and American Bar Association

**O R D E R**

Plaintiff Edward Thomas Kennedy filed this action in forma pauperis, asserting claims against the State of New Hampshire, the New Hampshire Bar Association ("NHBA"), the University of New Hampshire ("UNH") School of Law, and the American Bar Association ("ABA"). The complaint (doc. no. 1) asserts claims arising from his unsuccessful applications to a number of law schools, including the UNH School of Law. Kennedy has filed more than five similar lawsuits in federal courts across the country, naming other states, state Bar associations, law schools, and the ABA as defendants. The matter is here for preliminary review under 28 U.S.C. § 1915(e)(2).

Preliminary Review Standard

The court may dismiss claims asserted in a complaint filed in forma pauperis, if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or

malicious. See 28 U.S.C. § 1915(e)(2). In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Plaintiff alleges that he refused to take the Law School Admission Test ("LSAT") prior to submitting his application to UNH School of Law. He asserts that the UNH School of Law refused to accept him as a student based on his failure to submit an LSAT score.

Plaintiff also maintains that the State of New Hampshire, in violation of antitrust laws, granted a monopoly to the NHBA regarding the provision of professional legal services. Plaintiff states "that the International Bar Association and American Bar Association and thus the New Hampshire State Bar Association, promised Eleanor Roosevelt in 1947, that their private membership associations members would comply with the

2

Universal Declaration of Human Rights."  In plaintiff's view, ABA and NHBA policies contributed to Kennedy's "kidnapping and incarceration from August 28, 2018 to August 30, 2018 in two State of Pennsylvania prisons in a cage in solitary confinement like conditions."

Plaintiff asserts the following claims: (1) trespass; (2) trespass on the case; (3) trespass on the case-vicarious liability; (4) failure to provide a republican form of government and false advertising; (5) intentional infliction of emotional distress; (6) restraint of trade; (7) bad faith; and (8) negligence.  He seeks damages exceeding $1.5 million from each defendant, declaratory judgment, and orders admitting him to law school and granting him the authority to practice law.[1]

## Discussion

Kennedy has filed the same claims in lawsuits against similar sets of defendants in federal courts in other states. Kennedy's suits in other courts have generally been dismissed as

---

[1] Kennedy purports to incorporate by reference in the complaint a document he calls the "Law of the Case."  The court in Kennedy's Massachusetts case, in dismissing essentially the same claims as frivolous or malicious, described Kennedy's "Law of the Case" filing as a nine-page exhibit.  See Kennedy v. Massachusetts, No. 1:18-cv-11856-PBS (D. Mass Oct. 30, 2018) (ECF No. 6, at 2).  No such filing appears in this court's docket.  Cf. Kennedy v. Vermont, No. 5:18-cv-139 (D. Vt. Oct. 9, 2018) (ECF No. 3, at 2 n.2) (describing "Law of the Case" exhibit as "largely irrelevant" to Kennedy's complaint), appeal filed, No. 18-3341 (2d Cir., filed Nov. 1, 2018).

meritless, or upon findings that Kennedy's claims are frivolous or malicious.[2]

Kennedy's claims against the State of New Hampshire are barred by the Eleventh Amendment. See Poirier v. Mass. Dep't of Corr., 558 F.3d 92, 97 n.6 (1st Cir. 2009). His claims regarding his confinement in Pennsylvania are properly deemed to be frivolous or malicious, to the extent that they are asserted against defendants named here. See Kennedy v. Vermont, No. 5:18-cv-139 (D. Vt. Oct. 9, 2018) (ECF No. 3, at 4) (concluding that same claims, as asserted against Vermont, Vermont Bar

---

[2] See Kennedy v. Massachusetts, No. 1:18-cv-11856-PBS (D. Mass Oct. 30, 2018) (ECF No. 6, at 5) (dismissing identical claims against Massachusetts, University of Massachusetts School of Law, Massachusetts Bar Association, and ABA as frivolous or malicious); Kennedy v. Illinois, No. 1:18-cv-6350 (N.D. Ill. Oct. 29, 2018) (ECF No. 13) (dismissing claims asserted against Illinois, University of Notre Dame du Lac, Notre Dame Law School, ABA, Illinois Bar Association, and others, for failure to state a claim); Kennedy v. Maine, No. 1:18-cv-00339-GZS, 2018 WL 4997636, 2018 U.S. Dist. LEXIS 176497 (D. Me. Oct. 15, 2018) (approving R&R, No. 1:18-cv-00339-GZS, 2018 WL 4489459, 2018 U.S. Dist. LEXIS 159698 (D. Me. Sept. 19, 2018)) (dismissing same claims against Maine, University of Maine School of Law, Maine Bar Association, and ABA as legally baseless and frivolous), appeal filed, No. ___ (U.S., filed Nov. 2, 2018); Kennedy v. Vermont, No. 5:18-cv-139 (D. Vt. Oct. 9, 2018) (ECF No. 3) (dismissing same federal claims against Vermont, Vermont Bar Association, Vermont Law School, and ABA as malicious and for failure to state a claim, and dismissing state law claims without prejudice), appeal filed, No. 18-3341 (2d Cir., filed Nov. 1, 2018); Kennedy v. Univ. of Notre Dame du Lac, No. 18-cv-3747, 2018 U.S. Dist. LEXIS 155614, 2018 WL 4356771 (E.D. Pa. Sept. 11, 2018) (dismissing same claims against University of Notre Dame du Lac, Notre Dame Law School, Pennsylvania, Pennsylvania Bar Association, ABA, and others, as without legal merit and frivolous).

Association, ABA, and Vermont Law School, were malicious (citing Kennedy v. Getz, No. 18-CV-3532, 2018 WL 4094967 (E.D. Pa. Aug. 27, 2018) (finding similar claims to be malicious, as plaintiff, having been allowed to proceed on such claims in a prior case, then filed same claims in multiple suits, naming new individuals as defendants each time))).

> To the extent that the complaint asserts any "discernable federal claim" that is properly raised in this district, it is the Sherman Act claim, but "as part of their power to protect the public health, safety, and other valid interests[, states] have broad power to establish standards for licensing practitioners and regulating the practice of professions," particularly the legal profession. State action that merely "regulate[s the state's] professions" does not violate the Sherman Act, nor does it exceed the proper exercise of a state's power in any way. . . . None of plaintiff's allegations concerning his law school applications or the requirement that he obtain a law degree to be qualified for the bar "gives rise to a discernable cause of action under federal law or otherwise." Dismissal of Plaintiff's complaint, therefore, is warranted.

Kennedy v. Illinois, No. 1:18-cv-6350 (N.D. Ill. Oct. 29, 2018) (ECF No. 13), slip op. at 2 (citations omitted).  Kennedy's claims here are similarly patently meritless and warrant the same disposition.  See id.; see also Goldfarb v. Va. State Bar, 421 U.S. 773, 792-93 (1975).

"[T]his is one of those cases in which it 'is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile.'"  Kennedy v. Massachusetts, No.

5

1:18-cv-11856-PBS (D. Mass Oct. 30, 2018) (ECF No. 6, at 5) (dismissing identical claims, without leave to amend, which Kennedy had asserted against ABA, Massachusetts Bar Association, University of Massachusetts School of Law, and Commonwealth of Massachusetts) (quoting Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001)).  Accordingly, this court dismisses this action sua sponte, pursuant to 28 U.S.C. § 1915(e)(2)(B), with prejudice and without granting plaintiff leave to amend, as doing so would be futile.  Plaintiff's request for CM/ECF access, contained within the complaint (doc. no. 1) is denied as moot.  The clerk's office is directed to enter judgment and close the case.

    SO ORDERED.

                              _____
                              Landya B. McCafferty
                              United States District Judge

November 13, 2018

cc:  Edward Thomas Kennedy, pro se